NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOVITA GARCIA DE PERFECTO, | No. 15-73663 |
| Petitioner, | Agency No. A058-385-731 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2017**

Before:    LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Jovita Garcia de Perfecto, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying cancellation of removal and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo questions of law and constitutional claims. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

Perfecto was properly charged as an arriving alien, where the government met its burden of demonstrating by clear and convincing evidence that she engaged in illegal activity after having departed the United States. *See* 8 U.S.C. § 1101(a)(13)(C)(iii). Perfecto's contention that she cannot be charged as inadmissible because her departure was brief, casual, and innocent, lacks merit. *See Camins v. Gonzales*, 500 F.3d 872, 879-80 (9th Cir. 2007) (the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 abrogated the *Fleuti* doctrine); *see also Gonzaga-Ortega v. Holder*, 736 F.3d 795, 801-04 (9th Cir. 2013) (legal permanent resident was properly treated as an applicant for admission under 8 U.S.C. § 1101(a)(13)(C)(iii) upon return because he engaged in alien smuggling after having departing the United States).

Perfecto has waived her contention that 8 U.S.C. § 1101(a)(13)(C)(iii) violates the due process rights of legal permanent residents. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in an opening brief are waived).

The agency did not err or violate due process in denying Perfecto's motion

to terminate proceedings, where she did not demonstrate that her statements to immigration officials at the border were obtained through any regulatory violation. *See Samayoa-Martinez v. Holder*, 558 F.3d 897, 901-02 (9th Cir. 2009) ("Section 287.3(c) requires the INS to inform aliens who have been 'arrested without warrant and placed in formal proceedings' of their procedural rights. Formal removal proceedings do not commence until the INS has filed an NTA in the immigration court."); *see also id.* at 901 n.6 ("§ 287.3 does not require the government to notify the alien of a right to remain silent or a right against self-incrimination."); *Gonzaga-Ortega*, 736 F.3d at 804 (because petitioner was properly deemed an applicant for admission, 8 C.F.R. § 292.5(b) did not entitle him to counsel during primary or secondary inspection); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and substantial prejudice to prevail on a due process claim). To the extent Perfecto contends that *de Rodriguez-Echeverria v. Mukasey*, 534 F.3d 1047 (9th Cir. 2008), controls the result of her case, we reject this contention.

Perfecto has not addressed the BIA's determination that she waived any challenge regarding the alleged violation of her regulatory privilege to communicate with a Mexican consular officer. *See Rizk*, 629 F.3d at 1091 n.3.

Substantial evidence supports the agency's determination that Perfecto failed to establish the seven years of continuous residence required for cancellation of

removal, where she was admitted into the United States on or about August 22, 2001, and she was served a notice to appear on November 20, 2006. *See* 8 U.S.C. § 1229b(a)(2), (d)(1). Perfecto's contention that she began accruing continuous residence prior to her admission in 2001 lacks merit. *See Vasquez de Alcantar v. Holder*, 645 F.3d 1097, 1103 (9th Cir. 2011) (filing an application for adjustment of status does not confer admission for purposes of cancellation of removal).

Substantial evidence supports the agency's denial of CAT protection, where Perfecto did not demonstrate it is more likely than not she would be tortured by or with the consent or acquiescence of the Mexican government if returned. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

15-73663